UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Case No. 14-44204-659 |
| Williams, Terry L. & Averil M., | ) | |
| | ) | Chapter 7 Case |
| Debtors. | ) | |
| | ) | Hon. Kathy A. Surratt-States |
| | ) | Chief U.S. Bankruptcy Judge |
| Nancy J. Gargula, | ) | |
| United States Trustee, | ) | |
| | ) | **Hearing Date:** |
| Movant, | ) | **Time:** |
| | ) | **Courtroom** |
| vs. | ) | |
| | ) | |
| James C. Robinson, Esq., | ) | |
| and | ) | |
| Critique Services, LLC., | ) | |
| and | ) | |
| Beverly Holmes Diltz, | ) | |
| | ) | |
| Respondents. | ) | |

**UNITED STATES TRUSTEE'S MOTION FOR DISGORGEMENT OF FEES AND FOR ORDER TO SHOW CAUSE**

COMES NOW, the United States Trustee for the Eastern District of Missouri, Nancy J. Gargula, by her undersigned counsel, and in support of her Motion states as follows:

**Parties, Jurisdiction, Venue and Standing**

1. Nancy J. Gargula is the United States Trustee for the Eastern District of Missouri whose office is located at the Thomas Eagleton Courthouse, 111 South 10th St., Ste. 6.353, St. Louis, Missouri 63102.

1

2. James C. Robinson is an individual residing at 4940 Terry Avenue, St. Louis, Missouri 63115.

3. Beverly Holmes Diltz is a non-attorney who has operated a business that provides legal services through contracted employees or agents.  This business has been known by the names CS, L.L.C., Critique Legal Services, L.L.C., and Critique Services, L.L.C., ("Critique").1

4. This Court has jurisdiction over these proceedings pursuant to 28 U.S.C. § 1334(b) and 11 U.S.C. § 105(a).  These are core proceedings pursuant to 11 U.S.C. § 157(b)(2)(A).  Venue is proper pursuant to 28 U.S.C. § 1409(a).

5. The United States Trustee has standing to seek disgorgement of fees and sanctions in this matter as a party in interest pursuant to 11 U.S.C. §§ 105(a) and 329(b), as well as Rule 2017 of the Federal Rules of Bankruptcy Procedure.

**Factual Background**

6. Mr. Robinson has practiced bankruptcy law in the U.S. Bankruptcy Court, Eastern District of Missouri, under the name of Critique Services, L.L.C., from an office located at 3919 Washington Avenue, St. Louis, Missouri 63108, during all times pertinent to this Motion.

7. At all times pertinent to this Motion, Beverly Holmes Diltz, as the owner of Critique, has operated a bankruptcy support business from the same address.

8. On June 10, 2014, Mr. Robinson was suspended for one year from practicing before the

---

1 The records of the Missouri Secretary of State show registration and articles of organization for Critique Legal Services, L.L.C. filed by Beverly Holmes on August 9, 2002.  The purpose of the business was listed as "attorney representation."  The records show articles of termination for that entity on April 4, 2003, stating, "This business never began, nonexistent."  The records also reflect registration and articles of organization for Critique Services, L.L.C. filed by Beverly Homles on August 9, 2002.  The purpose of this entity was listed as "Bankruptcy Petition Preparation Service."  This entity appears not to have been terminated, although the records show no annual reports having been filed.  In addition, the records reflect a fictitious name filing on October 8, 2014 for "Critique Services" by Dean Meriwether.  All of these entities list the address at 3919 Washington Avenue, St. Louis, Missouri.

2

Bankruptcy Court by a Memorandum Opinion and Order (the "Suspension Order") entered on that date by the Bankruptcy Court in the Chapter 7 case of *Steward, LaToya L.*, No 11-46499-705.[2]

9. On August 8, 2005, the U.S. Trustee filed a complaint against Ms. Diltz, Critique, and Critique employee or agent, Renee Mayweather (the "Defendants"). As a result of that action, the Defendants and U.S. Trustee entered into a Settlement Agreement and Court Order (the "2007 Settlement"), which was approved by the Bankruptcy Court on July 31, 2007, and filed in the Chapter 7 bankruptcy case of *In re David Hardge*, 05-43244-659.[3]

10. Under the 2007 Settlement, the Defendants agreed that any attorney practicing law under the Critique name would be engaged by a written contract or license. The Defendants also agreed to adhere to each of the following:

   a. Before any non-attorney meets with a prospective client, an attorney must meet with the prospective bankruptcy client to discuss the prospective client's financial and personal history and determine the client's suitability for filing a bankruptcy case under a particular chapter of the U.S. Bankruptcy Code;

   b. Preserve all notes and records each attorney-prospective client/client meeting as well as memorialize the date of each meeting;

   c. Have each prospective client/client sign and date an attorney meeting form for each attorney-prospective client/client meeting, a copy of which shall be given to the prospective client/client, and the documents shall be retained by the attorney or

---

[2] The June 10, 2014, Suspension Order has been appealed to the U.S. District Court for the Eastern District of Missouri; however, it has not been stayed.

[3] Settlement and Court Order is filed simultaneously herewith and incorporated herein as U.S. Trustee's Exhibit A.

3

      law business with any applicable attorney-client privilege continuing in effect;

   d. Not permit a prospective client/client to sign a bankruptcy petition created for the purpose of filing the document with any U.S. Bankruptcy Court unless and until the prospective client/client has personally reviewed with the attorney the accuracy of that document;

   e. Keep all original bankruptcy documents containing a prospective client's/client's signature in accordance with the Bankruptcy Court's Rules and Orders;

   f. Preserve and maintain all records of all communications with a bankruptcy client, which records must state the date and substance of the communication and be made available to the U.S. Trustee upon request and the written waiver by the client of any attorney-client privilege; and

   g. Agrees to file a bankruptcy petition for each client no later than fourteen days after the client signs the petition, unless the delay in filing after the fourteen day period is for the benefit of the client. But in no case shall the attorney or law business file a bankruptcy petition more than 30 days after the client has signed the petition.

11. On August 10, 2007, Mr. Robinson and Critique, by Ms. Diltz, entered into contract whereby Critique agreed to provide Mr. Robinson the use of Critique's intellectual property, including a license to use "d/b/a Critique Services" and certain personal property.[4]

12. Mr. Robinson agreed to pay Critique monthly rent and a minimum monthly amount for Critique's billed services provided by Mr. Robinson. Mr. Robinson also expressly agreed to abide by the terms of the 2007 Settlement Agreement.

---

[4] Contract between Respondent and Critique filed simultaneously herewith and incorporated herein as U.S. Trustee's Exhibit B.

13. On May 22, 2014, Terry and Averil Williams ("Debtors"), filed a Chapter 7 petition, Schedules, Statement of Financial Affairs ("SOFA"), and other required documents with the Bankruptcy Court.   Mr. Robinson was listed and signed the petition as counsel.

14. Paragraph 9 of Debtor's SOFA states that Mr. Robinson received $349.00 from Debtors on December 7, 2013, as the attorney's fees for the Chapter 7 case.

15. Debtors appeared for their 11 U.S.C. § 341 meeting of creditors on July 25, 2014, before Chapter 7 Panel Trustee Mary E. Lopinot.   Alphonso Taborn appeared as counsel for Debtors at the meeting of creditors.

16. At the § 341 meeting, Debtors testified under oath that they first visited Critique's offices on December 7, 2013.   At this initial meeting at Critique, they met only with a non-attorney staff member.   According to the Debtors, the non-attorney staff member described Chapter 7 and Chapter 13 bankruptcy cases to them and provided them a packet of forms to complete and return to Critique.   Upon information and belief, at this time they agreed to file a Chapter 7 bankruptcy case and entered into a contract employing Mr. Robinson for bankruptcy services.   Debtors stated they gave the fee of $349.00 to another office worker in Mr. Robinson's office.

17. On February 14, 2014, Debtors returned to Critique with their completed forms.

18. Debtors did not meet with Mr. Robinson or any other attorney associated with Mr. Robinson on December 7, 2013, or February 14, 2014.

19. Debtors next testified that he returned to Critique on May 19, 2014.   During this visit, they met with Mr. Robinson for the first time and Mr. Robinson reviewed with Debtors the Chapter 7 bankruptcy documents drafted from the Debtors' completed packet of forms. Both Mr. Robinson and Debtors signed the prepared bankruptcy documents on that date.

5

**Disgorgement under § 329**

20. The client intake process follow by Respondents in this case, which funneled Debtors through the bankruptcy case determination-and-document-preparation stages with no contact with or advice from an attorney until the signing of the petition, schedules, and SOFA, is a violation of the terms of the 2007 Settlement.

21. Furthermore, this practice is a violation of Missouri statutes regulating the unauthorized practice of law.

22. Respondents, by allowing non-attorney staff members to meet with prospective clients to discuss a potential bankruptcy filing, to review financial and personal information with those clients, and then to generate bankruptcy documents from that information, have caused staff members to engage in the unauthorized practice of law as defined by Missouri statute § 484.010.1, which states:

> "1. The "practice of law" is hereby defined to be and is the appearance as an advocate in a representative capacity or the drawing of papers, pleadings or documents or the performance of any act in such capacity in connection with proceedings pending or prospective before any court of record,…"

Mo. Rev. Stat. § 484.010.1

23. In addition, § 484.020.1 requires that "No person shall engage in either the practice of law or law business unless that person…shall have been duly licensed therefor and while his license therefor is in full force and effect,…"   Mo. Rev. Stat. § 484.020.1

24. The Missouri Supreme Court has ruled that the preparation by a non-attorney of non-standard or specialized documents which requires the exercise of judgment is prohibited under §484.010(1) as the unauthorized practice of law.   That Court also specifically prohibited non-attorneys from drafting legal documents, selecting the form of

6

the document, or from giving legal advice about the effect of the document. *In re First Escrow, Inc.,* 840 S.W.2$^d$ 839, 848-849 (Mo. banc 1992).

25. The United States Trustee notes that from January 1 through May 30, 2014, Mr. Robinson filed 306 new Chapter 7 cases and 13 new Chapter 13 cases in this District. Concurrently with this Motion, the United States Trustee has filed similar motions in three other cases. The pattern and practice evidenced in these four cases raises an inference that the practice described by Debtor is Respondents' routine process for handling intake of prospective clients. Accordingly, the violations may be more widespread than these four cases.

26. Respondents' violation of the 2007 Settlement Agreement and Missouri law warrants disgorgement under 11 U.S.C. § 329(b) and Rule 2017 of the Federal Rules of Bankruptcy Procedure.

27. Section 329 of the Bankruptcy Code states, in part:

> "(a) Any attorney representing a debtor in a case under this title, or in connection with such a case, whether or not such attorney applies for compensation under this title, shall file with the court a statement of the compensation paid or agreed to be paid, if such payment or agreement was made one year before the date of the petition…"
>
> "(b) If such compensation exceeds the reasonable value of any such services, the court may cancel any such agreement, or order the return of any such payment, to extent excessive, to – ...(2) the entity that made the payment."

28. Rule 2017 states, in part:

> "(a) Payment or Transfer to Attorney Before Order for Relief. On motion by any party in interest or on the court's own initiative, the court after notice and a hearing may determine whether any payment of money or any transfer of property by the debtor, made directly or indirectly and in contemplation of the filing of a petition under the Code by or against the debtor or before entry of the order for relief in an involuntary case, to an attorney for services rendered or to be rendered is excessive."

29. Disgorgement of all fees is an appropriate remedy under § 329 and Rule 2017 in light of Respondents' past history, their failure to comply with the 2007 Settlement, and their violation of the Missouri statutes regulating the unauthorized practice of law. *See Walton v. LaBarge (In re Clark)*, 223 F.3d 859, 863-865 (8th Cir. 2000) (affirming the lower court's disgorgement of debtor counsel's fees based, in part, on the admission of debtor's counsel that he did not meet with his client until the client's 341 meeting, having allowed his non-attorney employee to advise the client when the client sought bankruptcy advice as well as to prepare, sign and file the client's bankruptcy documents).

**WHEREFORE,** the United States Trustee respectfully requests the Court's order pursuant to 11 U.S.C. § 329(b) and Fed. R. Bankr. P. 2017(a) requiring Respondents to disgorge to Debtor all fees he paid to Respondents based on their failure comply with the 2007 Settlement and by allowing or failing to prevent non-attorney staff from engaging in the unauthorized practice of law. Furthermore, the Movant requests that the Court enter an Order directing the Respondent Beverly Holmes Diltz and Critique to appear and show cause why they should not be found in violation of 2007 Settlement, and enter an Order directing Respondent Mr. Robinson to show cause why he should not be found to have facilitated or suborned the violation of the 2007 Settlement, and grant such further relief as the Court deems appropriate.

Respectfully submitted,

NANCY J. GARGULA
UNITED STATES TRUSTEE

PAUL A. RANDOLPH
ASSISTANT UNITED STATES TRUSTEE

/s/ Paul A. Randolph
PAUL A. RANDOLPH,
E.D.Mo #506384, AZ # 011952
Assistant United States Trustee
111 S. 10th Street, Suite 6.353
St. Louis, MO 63102
PH: (314) 539-2984
FAX: (314) 539-2990
Email: paul.a.randolph@usdoj.gov

**Certficate of Service**

The undersigned certifies that a true copy of the aforesaid document has been served on upon all parties receiving electronic service by means of the Court's CM/ECF system as well as upon the parties set out below by mailing a copy, first class postage prepaid, on November 19, 2014:

/s/ Paul A. Randolph
Paul A. Randolph

Terry L. & Averil M. Williams
7150 Vernon Ave.
St. Louis, MO   63130

James C. Robinson, Esq.
4940 Terry Ave.
St. Louis, MO 63115

James C. Robinson, Esq.
3919 Washington Ave.
St. Louis, MO   63108

Ross H. Briggs, Esq.
P.O. Box 58628
St. Louis, MO 63158

9

Mary E. Lopinot, Esq.
Chapter 7 Panel Trustee
PO Box 16025
St. Louis, MO 63105

Laurence D. Mass, Esq.
230 S. Bemiston
Suite 1200
St. Louis, MO 63105

10